# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| Hal Lewis ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| I.C. System, Inc. ) | **COMPLAINT WITH** |
| ) | **JURY TRIAL DEMAND** |
| Defendant ) | |
| ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.  Plaintiff, Hal Lewis, is a natural person who resides in Muscogee County, Georgia.

2.  Defendant, I.C System, Inc., is a foreign corporation formed under the laws registered to do business in Georgia and can be served through its registered

1

agent, CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia, 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Columbus Division because the conduct complained of herein occurred in Muscogee County which is in the Columbus Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 41-year-old man with deteriorating health. He is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a (3).

9. Defendant is a law firm that devotes considerable resources to, and generates substantial revenue from, the collection of consumer debt. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party. Defendant is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

14. On or about July 11, 2020, Defendant caused to be sent to the Plaintiff a letter demanding payment of a debt owed to Muscogee Hospitalist Services, LLC in the amount of $2,069.00.

15. The Defendant's letter contained highly sensitive and personal information related to the Plaintiff, including a) the Plaintiff's name and address; b) the name of the Plaintiff's creditor; c) that the Plaintiff had a debt; d) the exact amount alleged to be owed; e) that the debt was in default; and f) that the debt was being collected by a collection agency.

16. The letter received by the Plaintiff shows an Intelligent Mail Barcode (IMB) just above the address of the Plaintiff. The relevant portions of this letter, with the IMB code highlighted for ease of reference is reproduced here:

```
P.O. Box 64437                                    BALANCE DUE:           $2,069.00
St. Paul, MN 55164-0437
Electronic Service Requested                      I.C. System Reference No.:   220667231-1-99

☐ Address Changed?                                 Pay Online at
STREET _____              https://www.icsystem.com/consumer
CITY _____ STATE _____ ZIP _____
Billing Phone Number _____           MAKE CHECK OR MONEY ORDER PAYABLE TO:

|||..|..|.||.|||||...|||..|..|..|..|..|.|||||..|.|||..|       I.C. SYSTEM, INC.
   HAL LEWIS                                      PO BOX 64378
   4632 LASALLE DR                                SAINT PAUL MN 55164-0378
   COLUMBUS GA 31907-6619
```



| ACCOUNT SUMMARY | |
|---|---|
| **Creditor:** | Muscogee Hospitalist Services, LLC |
| **Service Location:** | Piedmont Columbus Regional Midtown Campus |
| **Account No.:** | See reverse side |
| **I.C. System Reference No.:** | 220667231-1-99 |
| **BALANCE DUE:** | **$2,069.00** |

# COLLECTION NOTICE

7/11/2020

Hal Lewis:

Your delinquent account has been turned over to this collection agency. Muscogee Hospitalist Services, LLC is both the original and current creditor to whom this debt is owed.

Please see the summary on the reverse side of this letter for the Credit Reporting Status of your accounts. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit new account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

Please tear off the bottom portion of this letter and return it with your payment.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378

tem-1719

## ACCOUNTS AND BALANCES



Hal Lewis
I.C. System Reference No.: 220667231-1-99

| Account | Credit Bureau Acct. No | Original Balance | Current Balance | Credit Reporting Status |
|---|---|---|---|---|
| 4108451A14272G405 | 115753809 | $327.00 | $327.00 | Scheduled to be reported |
| 4108451A14272G405 | 115753810 | $485.00 | $485.00 | Scheduled to be reported |
| 4108451A14272G405 | 115753811 | $460.00 | $460.00 | Scheduled to be reported |
| 4108451A14272G405 | 115753812 | $470.00 | $470.00 | Scheduled to be reported |
| 4108451A14272G405 | 115753813 | $327.00 | $327.00 | Scheduled to be reported |
| **Total** | | **$2,069.00** | **$2,069.00** | |

17. IMBs are used by the United States Postal Service and contain information that includes the name and other identifying information of the actual sender of the item.

18. The IMB displayed on the collection letter received by the Plaintiff, when decoded, reveals that the sender was not the Defendant, but rather PSC Info Group (hereinafter "PSC") of Oaks, Pennsylvania, a mailing service that has no relationship with the Defendant other than that of a service vendor.

19. The Plaintiff believes and therefore avers that the Defendant communicated the personal information regarding the Plaintiff and his debt to PSC in connection with the debt being collected and for the express purpose of facilitating that collection.

20. The transmission of this information by the Defendant was an invasion of the Plaintiff's privacy.

21. Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b).

## INJURIES-IN-FACT

22. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

23. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

24. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

25. Defendant is subjecting Plaintiff to unfair means to collect the debt.

26. Defendants acts and omissions caused particularized harm to the Plaintiff in that the Defendant's communication of the Plaintiff's personal

7

information violated a clear statutory right and was an invasion of Plaintiff's individual privacy.

27. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

28. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to unfair debt collection practices;

b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) The Plaintiff suffered a violation of his right to privacy.

d.) Anxiety and worry caused by concern that Defendant would continue to disseminate private and sensitive information to third parties. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692c and subparts*

29. Defendant's communication of Plaintiff's personal information to PSC as described herein was a violation of 15 U.S.C. § 1692c(b). See, *Hunstein v. Preferred Collection and Management Services, Inc.*, No. 19-14434 (11th Cir. April 21, 2021)

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

31. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

32. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

33. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

34. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

35. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

36. Defendant's conduct has implications for the consuming public in general.

37. Defendant's conduct negatively impacts the consumer marketplace.

38. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

39. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

40. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

41. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

42. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 9th day of July, 2021.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*